# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Criminal Action No. |
| v. | 2:23-cr-1-RWS |
| KYLE FABIANO, | |
| Defendant. | |

## **ORDER**

This matter is before the Court on the November 21, 2023 Order and Report and Recommendation ("R&R") of U.S. Magistrate Judge J. Clay Fuller [Dkt. 60], timely written Objections from Defendant Kyle Fabiano [Dkt. 63], and the Government's Response [Dkt. 64].

Defendant Fabiano, through counsel, moved to dismiss the Second Superseding Indictment as violative of the Second Amendment [Dkt. 52] as well as for failure to state an offense [Dkt 53].  Judge Fuller recommends that Defendant's Motions to Dismiss [Dkts. 52, 53] be denied.  Having reviewed the record, the Court enters the following Order.

## LEGAL STANDARD

In reviewing a Report and Recommendation ("R&R"), the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Edition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## DISCUSSION

As an initial matter, the Court notes that the issues presented here are legal questions, including a matter of first impression. The Eleventh Circuit Court of Appeals has yet to consider the impact of <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>[1] and its effect on 18 U.S.C. § 922(n).

With that said, the Court has conducted a *de novo* review and considered each of Fabiano's Objections to the R&R. First, Defendant's suggestion that the Magistrate Judge did not conduct his own analysis because he considered how previous district courts addressed post-<u>Bruen</u> constitutional challenges to § 922(n) is disingenuous. Judge Fuller appropriately considered decisions in other courts, including decisions contrary to his conclusion. He fully explained those decisions and the reasons for his reliance on the cases upholding the constitutionality of § 922(n). Taking into account existing authority on an issue is not indicative of a failure to conduct a *de novo* review. Rather, consideration of existing authority is a thoughtful part of an independent evaluation. That Judge Fuller agreed with the majority view does not undermine or weaken the R&R.

With respect to Defendant's Objections related to the Second Amendment analysis, the Court finds that Judge Fuller employed the appropriate standard,

---

[1] 142 S. Ct. 2111 (2022).

namely, the "relevantly similar" standard (as opposed to "distinctly similar") when evaluating whether historical regulation of firearms in the United States is sufficiently or relevantly similar to the historical tradition of disarming dangerous groups of people.  As for the objection to failing to address the differences between § 922(n) and the regulations that disarmed "dangerous" people, Defendant fails to acknowledge that his challenge is an "as applied" challenge and that the conduct for which he was indicted, arson, aggravated assault, and possession of a firearm by a convicted felon, was indicative of dangerousness. Thus, the fact that § 922(n) might apply to a felony not indicative of dangerousness is not fatal to the analysis in the R&R.

The Court agrees with Judge Fuller that an alternative or secondary rationale is to liken § 922(n) to historical surety laws.  The Court acknowledges that exceptions included in some of the surety laws weakens the analogy to § 922(n). However, the Court finds that while the surety laws are "an imperfect match, [they] are informative and viable analogies." United States v. Rowson, 652 F. Supp. 3d 436, 471 (S.D. N.Y. 2023).

As for Defendant's Objections to the Second Superseding Indictment, and whether the Indictment adequately states an offense, the Court likewise agrees with Judge Fuller that Fabiano was "under indictment" for purposes of § 922(n) while

serving a first offender probationary sentence pursuant to Georgia's First Offender Act, O.C.G.A. § 42-8-60, *et seq*.  Defendant objects to the failure of the Magistrate Judge to acknowledge the decision in <u>United States v. Ireland</u>, 2016 WL 4083222 (D. Or. July 28, 2016) where the court, finding the defendant who entered a conditional plea was still under indictment, mentioned features of Oregon law that Defendant points out are different from Georgia law. First, the judge in <u>Ireland</u> concluded that the defendant was under indictment based on provisions in the conditional discharge statutes of Oregon that are similar to Georgia's. The court went on to note that there "other reasons, more particular to the laws of Oregon, for concluding that an indictment is not extinguished by the entry of a guilty plea." <u>Id.</u> at *4. These additional reasons were listed after the court had made the finding that a "defendant who enters a plea under a conditional discharge order remains 'under indictment' for the purposes of § 922(n) until a judgment is entered." <u>Id.</u>, at *4.

  Finally, the Court finds that a person of ordinary intelligence would understand that having plead guilty under Georgia's First Offender Act, he was still subject to being sentenced under the indictment should he fail to successfully complete probation. Thus, § 922(n) is not unconstitutionally vague as applied to Fabiano's first offender status.

In short, the Court agrees with Judge Fuller's legal analysis and the well-reasoned R&R.  Defendant's Objections are <u>overruled</u>.

## CONCLUSION

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that Judge Fuller's R&R [Dkt. 60] is accepted with approval and **ADOPTED** for all purposes. It is therefore **ORDERED** that Defendant's Motions to Dismiss [Dkts. 52, 53] are **DENIED.**

This matter will be calendared by the Courtroom Deputy for a hearing on the pending Motion to Suppress Statements [Dkt. 11], Final Pretrial Conference, and Jury Trial.

**SO ORDERED** this 17th day of January, 2024.

_____
**RICHARD W. STORY**
United States District Judge